## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRENDA HUNDLEY, Guardian of** ) | |
| **AMY MARIE HUNDLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **CASE NO. 2:19-cv-2366** |
| ) | |
| **EMPLOYEE BENEFIT PLAN OF THE** ) | |
| **COMPASS GROUP, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1.    This ERISA action arises from the defendant's wrongful denial of a claim for health

plan benefits sponsored and funded by the Compass Group USA, Inc.

2.    Amy Hundley, currently age 28, was a participant in the Employee Benefit Plan of

the Compass Group, Inc. ("Plan"), which entitled her to reimbursement of medical, hospitalization

and other health related expenses she incurred while she was a participant.  On June 29, 2017,

Amy Hundley required emergency air ambulance transportation from the Shawnee Mission

Medical Center in Shawnee Mission, Kansas to the ACUTE Center for Eating Disorders in Denver,

Colorado for specialized treatment of a host of medical disorders stemming from extreme low

weight.

3.    The emergency air transportation was provided by Angel MedFlight, the business

name for Aviation West Charters, LLC; and although pre-authorization was sought, the Plan

ultimately refused to pay for Angel MedFlight's services.

4.    Plaintiff brings this action under 29 U.S.C. § 1132(a)(1)(B), seeking benefits due

under the terms of the Plan, prejudgment interest, and attorney's fees.

1

5.  Plaintiff requests a trial on all issues triable, and designates Kansas City, Kansas as its place of trial for this action.

## JURISDICTION AND VENUE

6.  Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974. 29 U.S.C. §§ 1132(e)(1), (f). Additionally, this action may be brought under 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

7.  ERISA provides a mechanism for internally appealing benefit denials. Those avenues of appeal have been exhausted. 29 U.S.C. § 1133.

8.  Venue is proper in the Eastern District of Kansas.  29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## PARTIES

9.  Plaintiff, Brenda Hundley, is the temporary guardian of her daughter, Amy Hundley pursuant to an order issued by the 10th Judicial District Court of the Johnson County, Kansas Probate Department.  At all times relevant hereto, Amy was a participant in the Plan.

10.  Defendant, the Employee Benefit Plan of the Compass Group, Inc., is a welfare benefit plan sponsored by Compass Group Inc., which is also the named Plan Administrator.

11.  At all times relevant to this complaint, Plaintiff was a resident of Olathe, Kansas.

12.  Aviation West Charters, LLC d/b/a Angel MedFlight is a provider of highly specialized medical transportation services for patients who are in need such services.

## STATEMENT OF FACTS

13.  On June 19, 2017, Plaintiff discovered her daughter unconscious in her home.  She immediately sought emergency treatment for her at nearby Shawnee Mission Medical Center in

Merriam, Kansas.  At the time of admission, Amy Hundley weighed 64 pounds and had a body mass index of approximately 12.  Due to a severe eating disorder, Amy required more specialized treatment at a facility that had the expertise to treat eating disorders at that level of severity and concurrently treat the medical complications.  The nearest facility that met those needs was the ACUTE Center for Eating Disorders in Denver, Colorado.  There were no closer facilities that had the expertise and capability to address Amy's medical needs.  Due to her extremely dire condition, Amy could not be safely transported from Kansas to Colorado by commercial air transport; nor was ground transportation over that distance feasible.  Accordingly, a certification of medical necessity for air ambulance transportation was issued by a physician at ACUTE and arrangements were made for Angel MedFlight to provide air ambulance transportation between the medical facility in Shawnee Mission, Kansas and ACUTE in Denver, Colorado.  Angel concurrently sought pre-authorization for the transportation from the Plan.

14.     The claim administrator for the Plan, United Healthcare, refused to pre-authorize the transport; however, the transportation took place on June 28, 2017 due to the medical necessity of having Amy treated at a specialty facility that could address her medical needs.

15.     Following the transportation, reimbursement for the cost of transportation was requested by Angel MedFlight.  Although non-emergency air ambulance transportation is a benefit covered under the Plan, reimbursement was denied on the ground that some other unidentified "closer facility" could have addressed Amy's medical needs.

16.     The denial of reimbursement was appealed in accordance with 29 U.S.C. §1133 and 29 C.F.R. § 2560.503-1; however, the appeal was unsuccessful.  Although the Plan identified the University of Kansas Hospital and St. Luke's Hospital as closer facilities, neither provides the specialized care that Amy required.  When a second appeal was submitted, the denial rationale was

changed and an assertion made that Amy could have remained at Shawnee Mission Medical Center, although it was conceded that St. Luke's Hospital could not have provided necessary treatment.  The Plan also maintained that published information showed the University of Kansas Hospital could have provided treatment, but there was no indication that the facility was ready, willing, and able to provide the necessary treatment. Moreover, Amy had been previously treated at the University of Kansas Hospital without success.

17.     All necessary pre-litigation appeals have been submitted and exhausted prior to filing suit and this matter is therefore ripe for adjudication.

## CAUSE OF ACTION

18.     Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 16.

19.     Plaintiff is entitled to recover benefits provided under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B).

20.     Plaintiff is entitled to recover prejudgment interest on the unpaid charges in accordance with 29 U.S.C. §§ 1132(a)(1)(B) or, in the alternative, 29 U.S.C. s1132(a)(3).

21.     Plaintiff is entitled to recover attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff seeks judgment in its favor and against the defendant, as follows:

A.     Reimbursement of the reasonable and necessary costs incurred in transporting Amy Hundley from Shawnee Mission Medical Center to ACUTE on June 28, 2017;

B.     Prejudgment interest;

C.     Any and all other damages and remedies to which Plaintiff may be entitled;

D.     Costs of filing this action; and

E.     Any such other and further relief this Court determines is just and reasonable.

Dated: July 3, 2019

/s/Talia Ravis

Talia Ravis, KS. Bar No. 22212
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-333-8955 (tel)
800-694-3016 (fax)
talia@erisakc.com

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
(312) 561-4040
Fax: (312) 929-0309
mdebofsky@debofsky.com
(Seeking Pro Hac Vice Admission)

*Attorneys for Brenda Hundley*